IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONSTANCE CRAVER,                          No. CIV S-09-1276-CMK

       Plaintiff,

  vs.                                             ORDER

NATIONAL CITY BANK, et al.,

       Defendants.

_____/

       Plaintiff, proceeding pro se, brings this action to quiet title. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

       Pending before the court is Defendants' motion to dismiss (Doc. 34), Defendants' motion to strike (Doc. 35), Plaintiff's motion for injunction (Doc. 45), and Plaintiff's motion for summary judgment (Doc. 57). A hearing on the motions was held on January 28, 2010, before the undersigned in Redding, California. Defense counsel Natilee Riedman and Plaintiff, proceeding pro se, appeared in person.

/ / /

/ / /

### I. Background

This is a pro se civil case involving Plaintiff's mortgage. This matter was originally filed in the Shasta County Court, but was removed to this court by Defendants. Following removal, Defendants filed the first motion to dismiss and motion to strike, and Plaintiff filed a motion to remand. The motion to remand was denied (based on diversity jurisdiction). The motion to dismiss was granted, for failure to state a claim, and Plaintiff was granted leave to file an amended complaint to cure the defects identified.[1]

Addressing Plaintiff's original complaint, the court interpreted her complaint as attempting to state a claim for fraud and violations of the Truth in Lending Act (TILA). She raises issues with her home mortgage, which she refinanced in February 2007. Plaintiff claims that her husband's income was falsely inflated in the refinance loan documents and Defendants (who are the lender) relied on the falsely inflated income to approve them for the refinance. She also claims that if Defendants had looked into the income at all, they would have known the amount stated was inflated. It is unclear who actually inflated the amount, but it appears to have been done by the mortgage broker (who is not named as a defendant), unbeknownst to Plaintiff. Plaintiff further claims she signed the loan application after the loan closed and the three-day recession period had passed, and was unaware up to that point that an inflated income amount had been used.

In the previous Findings and Recommendations, the court advised Plaintiff as to what was required to state a claim for fraud, including all of the elements required under California law. In granting the prior motion to dismiss, the court agreed with Defendants' argument that Plaintiff failed to allege any actual wrong doing by Defendants. Instead, it appeared that she was basing her complaint on Defendants' reliance on the wrong information,

---

[1] The undersigned issued Findings and Recommendations on October 22, 2009. The recommendation was adopted on November 19, 2009. Between the time the Findings and Recommendations were issued, and when they were adopted, Plaintiff filed her amended complaint and Defendants filed its motion to dismiss and motion to strike.

not that they actually did anything wrong. In addition, she appeared to be claiming TILA violations, but did not specify what those violations were. To the extent she was seeking damages, the court observed that those claims were likely untimely under the one year statute of limitations. However, she was also requesting rescission, which has a three year statute of limitations. The court therefore allowed her leave to amend on both her fraud claim and TILA claim (to the extent she is claiming rescission).

In her amended complaint, Plaintiff continues to name only National City Mortgage, National City Bank.[2] She does identify the mortgage broker (Jayme Dalglish) who submitted her application, but does not name her (or her brokerage, Pinnacle Mortgage Company) as a defendant.[3] She claims the Defendants' underwriter, Waylon Henry, received the loan documents, found the income listed therein to be reasonable, and approved the loan. He also allegedly noted the income was documented and calculated correctly, which Plaintiff alleges was untrue. She states Waylon Henry is the one responsible for the false income amount because he is the one who entered it into the online loan application. However, had Waylon Henry looked into the amount of income claimed, he would have found it unreasonable given her husband's position as a Wal-Mart employee, where the average Wal-Mart employee only makes $1900 a month. She claims that "she was ignorant of defendants' secret intention to generate and then rely on a fraudulent Form 1003." She further states the loan "had no benefit" to her, although she acknowledges she obtained a lower interest rate, because her monthly payments remained the same, and her equity was stripped. She therefore claims the exchange lacked consideration.

///

---

[2] Defendants note that due to merger, it is now PNC Bank.

[3] The caption on Plaintiff's amended complaint continues to name only National City Bank. In addition, she has a separate section in her complaint which identifies the parties to this action. The only defendant identified therein is National City Mortgage a division of National City Bank.

The amended complaint alleges two counts of fraud ("fraud for profit" and "fraud for house"), undue influence, and "rescission." She again cites the TILA, but does not specify she is claiming a violation thereof (except to the extent she is claiming the Defendant failed to find she actually had the ability to repay the loan).

**II.     Motion to Dismiss**

A.     <u>MOTION</u>

Defendant brings this motion to dismiss the amended complaint on the grounds that it also fails to state a claim and the case is barred by the statute of limitations. It argues the complaint fails to state the "how, when, where, to whom, and by what means" required to state a claim for fraud. In addition, the complaint fails to specify the names of the persons at PNC Bank who made any alleged misrepresentation, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written. Plaintiff also fails to support her claim for fraud by failing to allege facts suggesting why Defendants should have suspected the income was inaccurate, especially given that Plaintiff's husband had been employed at the same place for 12 years, they both signed an affidavit that the loan application was accurate, and had signed another application with the same information. Again, Plaintiff's complaint does not allege any misrepresentation by PNC Bank, but rather that her mortgage broker included inaccurate information on the application. Nor does Plaintiff allege that PNC Bank knew the application contained false information. Finally, Plaintiff fails to allege facts demonstrating damage.

Defendants also argue that Plaintiff fails to plead facts warranting rescission under a theory of fraud, undue influence, or failure of consideration. Plaintiff does not, and cannot, argue PNC Bank (as the lender) had any fiduciary duty to her (unlike her mortgage broker, who acted as her agent not an agent of the lender). For a claim of undue influence, Plaintiff had to plead facts demonstrating a confidential relationship, and that she lacked mental vigor - neither of which were plead. In addition, Defendants argue Plaintiff's claim of lack of consideration

fails because it is clear that Plaintiff received consideration in that she admits the purpose of the new loan was to consolidate her other two, which in fact happened, and the lack of any "cash out" does not equal "no consideration." Defendants also argue Plaintiff's request for rescission fails because she did not elect rescission promptly, and she fails to allege valid and viable tender of payment in order to restore the parties to their original position.

As to Plaintiff's claims of TILA violations, Defendants argue she fails to specify any actual violations. Instead she just mentions possible violations regarding the notice of right to cancel. Any claim for damages under TILA would be time barred and a claim for rescission based on her claim that she should have been provided with an additional notice of right to cancel after the consummation of the loan, is not a valid claim. She also fails to allege valid and viable tender of payment to return the parties to the status quo ante.

In the alternative Defendants request a more definite statement due to the vagueness of Plaintiff's claims.

In opposition, Plaintiff states Defendants' arguments are inaccurate. She claims she did not sign any of the loan documents until three days after the loan funded,[4] and she was not aware that the mortgage broker provided the inaccurate income information. In terms of her claim for fraud, she attempts to clarify the who, what, when, where, how by identifying that her claim is against a notary public (Betty Bigford), who asked Plaintiff to sign the affidavit of financial status, saying, "this just means that you're not lying about your income." She further attempts to clarify this occurred on February 14, 2007, at Chicago Title Company in Redding, California, and was done with the intent to earn a payment from Defendant (i.e. commission) by not letting Plaintiff know that there was a loan application in existence that stated something other than what Plaintiff knew and submitted to be true before or on that day, February 14, 2007.

---

[4] The loan was apparently approved on February 14, 2007. Her three day rescission period was up on February 17, 2007, and that was the date the loan was funded. She then signed all of the loan docs on February 20, 2007.

5

Plaintiff basically argues she did not see any of the loan documents, and did not sign any of them, until six days after the loan was final, and three days after it funded. She argues that her mortgage broker demanded her execution without proper authority, making Plaintiff believe she was already obligated under the loan. She questions how Defendants could have approved such a loan without the documents being signed. She argues the Defendants did not follow the guidelines and rules set by Fannie Mae.

In reply, Defendants argue Plaintiff failed to address the deficiencies in her complaint. Specifically, Plaintiff still failed to allege any misrepresentation on the part of Defendants. Her only claim that PNC Bank acted improperly is that they should have known the income amount claimed in the loan application was inaccurate and that this is insufficient to state a claim for fraud. Defendants also argue that Plaintiff failed to address the deficiencies in her rescission claim, and that she also failed to address the inadequacy in claiming undue influence or lack of consideration.

### B. STANDARDS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly

did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

1      Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

2 amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3 curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

   C.    DISCUSSION

   The October 22, 2009, Findings and Recommendations, recommending the previous motion to dismiss be granted, stated:

> The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996). In addition, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).
>
> Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:
>
>> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be

> set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . . In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In Re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

Plaintiff was informed therein as to what she needed to do in order to survive a motion to dismiss, including the specific elements of a California fraud claim, and the heightened pleading standard for fraud pursuant to Federal Rule of Civil Procedure 9(b).  The court found the original complaint insufficient as it failed to specify any wrong doing on the part of the lender, who are the only defendants in this action.  The only misconduct alleged in the original complaint was by the mortgage broker (who is not a defendant).  The amended complaint fails to cure this defect.  Plaintiff continues to allege that her mortgage broker provided an inflated income amount to the lender, who then relied on that income to approve the loan, and that the broker then mislead her into believing that she was required to sign the loan documents three days after the rescission period had passed, informing her that she was already obligated under the loan.  These allegations, however, relate to her mortgage broker, not the Defendants.  The only allegation directly related to PNC Bank (or National City Bank) continues to be that the lender should have known the income amount was inflated and should not have relied on the unsigned loan documents.  Plaintiff tries to tie the Defendants to the actions of the mortgage broker and apparently the title company by stating the lender paid both the broker and the title

company and therefore the former is liable for the actions of the later.  This is insufficient to state a claim for fraud.  A party cannot be held liable for fraud based on someone else's conduct, unless the actor is acting on behalf of the defendant and with the defendant's knowledge and permission, i.e, a principle/agent relationship.  See Am. Soc'y of Mech. Eng'r, Inc. v. Hydrolevel Corp., 456 U.S. 556, 566 (1982) ("a principle is liable for an agent's misrepresentations that cause pecuniary loss to a third party, when the agent acts within the scope of his apparent authority"); see also, Rutherford v. Rideout Bank, 80 P.2d 978, 981 (Cal. 1938).  Plaintiff alleges no facts which could be construed to be alleging any principle/agent relationship in which to impose liability on Defendant.

Plaintiff also continues to fail to allege any specific violation under TILA.  Plaintiff was provided an opportunity at the hearing to explain her allegations of TILA violations.  She was unable to do so, stating that she is "assuming" that there was some type of disclosure violations.  Although it appears that she is claiming the Defendants' failure to obtain signed loan documents prior to approving the loan is a violation, this allegation remains unclear.

Plaintiff's amended complaint remains inadequate in the same way the court identified as to her original complaint.  She does not state with any particularity how PNC Bank, the lender, defrauded her.  The allegations of misconduct, made in her amended complaint and at the hearing, relate to her mortgage broker, not the lender.  She attempts to impose liability on the Defendants for the misconduct of others, as the Defendants were doing business with them.  However, there is no allegations of any actual misconduct on the part of Defendants.  She therefore has not met the standard for pleading fraud pursuant to Rule 9(b).

In addition, under California law, the elements of a fraud claim are misrepresentation, knowledge of the falsity, intent to defraud, justifiable reliance, and damages.  See Lazar v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996).  In addition to Plaintiff's failure to plead any actual misrepresentation from Defendants, it does not appear plausible that Plaintiff has been damaged by the facts alleged in her amended complaint.  See Iqbal, 129 S. Ct.

at 1949. The facts, read liberally as alleged by Plaintiff, show that Plaintiff first applied for a fully documented refinance with her bank. She was told that due to her self-employment, she did not qualify though the bank, and was referred to a mortgage broker. The mortgage broker, unbeknownst to Plaintiff, submitted a stated income loan application to Defendants, with an income in excess of what she could document her husband's income to be. Based on this inflated income, Defendants approved the loan. Although Plaintiff claims it was Defendants' underwriter who entered the inflated income into the computer application, it is clear that the underwriter was simply using the income amount provided and was not responsible for calculating that figure. Reliance on the information the mortgage broker submitted, especially without actual knowledge that the number was false, is insufficient to state a claim for fraud against Defendants.

The new loan approved by Defendants consolidated the two mortgages Plaintiff had on her home. The new loan provided for a slightly lower interest rate and consolidated the two outstanding loans, but was not a cash out loan. Therefore, other than the fees and costs involved in the refinance, Plaintiff owes no more than she did prior to the refinance, obtained a slightly lower interest rate, a slightly lower monthly payment, and the convenience of a consolidated loan. Therefore, even if Plaintiff had alleged sufficiently that Defendants had somehow misled her, it does not appear plausible that she was damaged, as is required to state a claim for fraud.[5]

The Defendants' motion to dismiss must therefore be granted, and National City Bank be dismissed from this action. The court finds Plaintiff will not be able to cure the defects identified herein, so no leave to amend is granted.

///

---

[5] This holds true even in the event that Plaintiff thought she had named her mortgage broker as a defendant. In addition, as this case is properly before the undersigned based on diversity jurisdiction, with the dismissal of National City Bank/PNC Bank, even if Plaintiff had named her mortgage broker as a defendant it does not appear that the court would have diversity jurisdiction over such a case.

### III.  MOTION TO STRIKE

In the event that the court denied the motion to dismiss, Defendants request the court strike portions of Plaintiff's complaint.  Defendants request the court strike the redundant, immaterial, impertinent and/or scandalous matter in the complaint.  Specifically, Defendants are requesting the court strike the references to Fannie Mae's guidelines, the underwriter's duties as found on Monster.com, and salary information from Walmartstores.com.  In addition, Defendants request several exhibits be stricken in their entirety.  These references, it is argued, are outside Plaintiff's personal knowledge, and are irrelevant to the facts of the case at bar.

In opposition, Plaintiff simply argues all the allegations set forth in her amended complaint are part of an important string of events.

As the court is granting the motion to dismiss, the motion to strike is moot, and is denied as such.

### IV.  MOTION FOR INJUNCTION

In her motion for injunction, Plaintiff complains about collections procedures being used by Defendants to collect on the subject loan, including harassing phone calls and mailings, delinquency notices to credit bureaus, foreclosure proceedings and "trespassing."  She claims Defendants' representatives are trespassing by coming to their home and leaving a note that a "property inspection" was conducted without notice.  She claims there was no reasonable cause for Defendants' representatives to enter her property because they have never attempted any workout, despite numerous attempts on her part.

In opposition, Defendants argue she has not met the requirements for issuance of an injunction.  Basically, she fails to show any likelihood she will succeed on the merits of her claim.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

interest.'" Winter v. Natural Res. Def. Council, Inc., __U.S.__, 129 S. Ct. 365, 374 (2008).

As Defendants argue, Plaintiff fails to show that she is likely to prevail in this case. In addition, although Plaintiff claims collection harassment, she does not allege any irreparable harm. For instance, she references foreclosure proceedings, but she does not claim foreclosure proceedings have begun or that a default sale is pending. As the court is granting the motion to dismiss, the motion for injunction is moot.

### V.   MOTION FOR SUMMARY JUDGMENT

Lastly, Plaintiff filed a motion for summary judgment. This motion was improperly set for hearing, as it was filed less than twenty-eight (28) days prior to the hearing date. See Local Rule 230(b). In addition, the motion is now moot given that Defendants' motion to dismiss is being granted.[6]

Plaintiff's motion for summary judgment is moot due to the granting of Defendants' motion to dismiss, and is denied as such.

### VI.   CONCLUSION

Prior to filing her amended complaint, Plaintiff was informed of what was required to state a claim for fraud. Her amended complaint fails to cure the defects identified. She continues to complain about the alleged wrongdoings of third parties (i.e., her mortgage broker and a title company's notary public). She also continues to argue that Defendants relied on mistaken information, which they should have known was incorrect, in approving her loan application. Even if Defendants relied on income information they should have known was

---

[6] Plaintiff moves for summary judgment based on a theory of mutual mistake, that the parties did not have a "meeting of the mind" because they came to the table with different income amounts. She also argues the loan should not have been processed without signatures. However, as discussed above, the theory in Plaintiff's complaint is fraud. Cancellation of a contract based on mutual mistake is only allowed where the mistake was material to the contract. See Stewart v. Preston Pipeline Inc., 134 Cal. Rptr. 3d 901, 920 (Cal. App. 2005). The mistake Plaintiff is claiming has to do with an inaccurate income. While the amount of income on the application may be material as to whether the loan was approved, it is not material to the contract; that is although Plaintiff claims the income was erroneously inflated, she agreed to the terms of the loan (the amount, interest rate, monthly payment, etc.) which formed the contract.

inflated, that is insufficient to state a claim for fraud on its part.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. 34) is granted;

2. Defendants' motion to strike (Doc. 35), Plaintiff's motion for injunction (Doc. 45), and Plaintiff's motion for summary judgment (Doc. 57) are denied as moot; and

3. The Clerk of the Court is directed to enter judgment and close this case.

DATED: February 16, 2010

                                                   **CRAIG M. KELLISON**
                                                 UNITED STATES MAGISTRATE JUDGE